UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN DANIELS,

    Plaintiff,

vs.

D&M CARRIERS, LLC., et al.,

    Defendants.

Case No. 1:16-cv-909

Judge Black
Magistrate Judge Bowman

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendants' motions to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docs. ) and Defendant's motion for judgment of the pleadings. Upon careful review, the undersigned finds that Defendants' motions should be granted.

**I. Background and Facts**

Plaintiff Jonathan S. Daniels ("Plaintiff") filed a pro se Complaint against Decker Truck Line, Inc. ("Decker") and its employee Brenda McNealy on September 8, 2016. (*See* Case No. 1:16-cv-00913, at Doc. 4).[1] The Complaint alleges that Plaintiff contacted Decker and/or McNealy in September or October of 2014 and was told that Decker reported a DOT violation to Hire Right because Plaintiff had beer in his truck at the time of his separation from employment with Decker. (*Id.* at 3 of 4). Further, Plaintiff claims that he sent a letter to Decker requesting a retraction, but that Decker neither retracted the statements to Hire Right, nor apologized for the DOT violation report. (*Id.*).

---

[1] In October 2016, Plaintiff filed three separate pro se lawsuits Defendants Decker Truck Line, Inc. ("Decker") and its employee Brenda McNealy. Because Plaintiff presents the same claims for relief in all three cases, this matter was consolidated pursuant to Rule 42(a). See Case No. 1:16-cv-90, *Jonathan S. Daniels v. D&M Carriers LLC*, Case No. 1:16-cv-912, *Jonathan S. Daniels v. Hire Right*, and Case No. 1:16-cv-913 *Jonathan S. Daniels v. Decker Truckline, Inc., et al.*

Defendants now contend that Plaintiff complaint fails to state a claim for relief. The undersigned agrees.

## II. Analysis

### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. See *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

**B. Plaintiff's complaint fails to state a claim for relief**

Here, Defendants contend that any claim for defamation is timed barred because it is clear from the four corners of the Complaint that Plaintiff filed this action more than one year after the date of the alleged false statements.

Defamation is "a false and malicious publication against an individual made with an intent to injure his reputation or to expose him to public hatred, contempt, ridicule, shame, or disgrace or to affect him injuriously in his trade, business or profession." *Robb v. Lincoln Publishing (Ohio), Inc.,* 683 N.E.2d 823, 837 (Ohio Ct. App. 12th Dist. 1996). "An action for libel [or] slander . . . shall be commenced with one year after the cause of action accrued." Ohio Rev. Code § 2305.11 (A). "The statute of limitations for defamation is one year*." Kienow v. Cincinnati Children's Hosp. Med.* Ctr., 2015 Ohio App. LEXIS 4265 4 (Ohio Ct. App. 1st Dist. 2015). "An action for defamation accrues on the date of publication; there is no discovery rule for defamation." *Id.* In the Complaint, Plaintiff states that he became aware of the DOT violation report by Decker on August 29, 2014. (Doc. 4, at page 3 of 4). Logically, Decker must have published the allegedly defamatory statement prior to that date. Since the Complaint was not filed until over two (2) years later in September of 2016, any claim for defamation against Decker would be untimely. For these reasons, any claim for defamation against Defendants is subject to dismissal pursuant to Civ. R. 12(c).

Furthermore, to the extent that Plaintiff is asserting claims other than defamation, such claims fail as a matter of law. Notably, Plaintiff contends that D&M carriers terminated his employment because he either refused to take and/or failed a drug screen. Plaintiff asserts that defendant HireRight was the reporting agency that

3

transmitted the drug screen results to D&M.  Assuming such facts to be true, Plaintiff has failed to identify how such conduct would give rise to legally cognizable relief.  As such, Plaintiff's naked factual assertions and conclusory allegations fail to state a claim for relief pursuant to Rule 12(b)(6).  See *Twombly*, 550 U.S. at 555.[2]

### III. Conclusion

For these reasons, **IT IS THEREFORE RECOMMENDED THAT** Plaintiff's complaint be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; Defendants motions to dismiss and for Judgment on the Pleadings (Doc. 14, 27) be **GRANTED**; Plaintiff's motion to continue proceedings (Doc. 29) be **DENIED as MOOT**; and this matter be **TERMINATED** on the active docket of the Court.

 *s/ Stephanie K. Bowman*
 Stephanie K. Bowman
 United States Magistrate Judge

---

[2] Additionally, Plaintiff failed to file a Rule 26(f) Report and failed to participate in the noticed telephone conference with the Court. As a result, the Court ordered Plaintiff to show cause, in writing, why this action should not be dismissed for lack of prosecution for failing to file a Rule 26(f) Report and failing to participate in the noticed telephone conference with the Court. (Doc. 26).  Plaintiff did not comply with Show Cause order and did not file a timely response.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN DANIELS,

    Plaintiff,

vs.

D&M CARRIERS, LLC., et al.,

    Defendants.

Case No. 1:16-cv-909

Judge Black
Magistrate Judge Bowman

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).